# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DEMETRI ALEXANDER,

    *Plaintiff*,

vs.

PAULINE SIMMONS,

    *Defendant.*

3:14-cv-00067-RCJ-VPC

ORDER

    This prisoner civil rights action comes before the Court for initial review following upon plaintiff's filing of an application (#1) to proceed *in forma pauperis*.

    Under Local Rule LSR 2-1, a *pro se* plaintiff must file the complaint on the Court's required civil rights complaint form. In the present case, plaintiff did not use the form. He instead filed a handwritten complaint along with a hodgepodge of affidavits, addenda, other apparently related writings that otherwise would be included within the body of a complaint, and exhibits. Plaintiff instead must use the complaint form to state his claims in their entirety, without attachment or adoption of other documents. Neither affidavits nor documentary exhibits should be filed with the complaint.

    It does not appear from a review of the allegations presented that a dismissal without prejudice of the present improperly-commenced action would result in a promptly-filed new action being untimely or otherwise result in substantial prejudice. The circumstances alleged in the complaint allegedly occurred well within the applicable two-year limitations period. Moreover, while plaintiff alleges that he is not seeking to challenge his judgment of conviction, he nonetheless includes a prayer for relief requesting that he be released from "illegal

1  incarceration" with an award of damages for each day of confinement.[1]  Regardless of
2  whether or not plaintiff is challenging the validity of the underlying conviction itself, if his claims
3  necessarily challenge the constitutional validity of his continuing state confinement, his claims
4  are not cognizable in a federal civil rights action.  *See, e.g., Thornton v. Brown*, 724 F.3d
5  1255, 1259-61 (9th Cir. 2013).  Claims challenging continued confinement do not accrue for
6  purposes of the limitations period unless and until the continued incarceration is held to be
7  invalid pursuant to, *e.g.,* a writ of habeas corpus.  Accordingly, a dismissal without prejudice
8  of the present improperly-commenced action will not result in substantial prejudice.

9    IT THEREFORE IS ORDERED that this action shall be DISMISSED without prejudice
10  to the filing of a new complaint on the required civil rights complaint form in a new action
11  under a new docket number with either payment of the filing fee or a properly completed
12  pauper application, with new financial attachments.

13    IT FURTHER IS ORDERED that the application (#1) to proceed *in forma pauperis* is
14  DENIED without prejudice as moot in this action.

15    The Clerk of Court shall send plaintiff two copies each of a civil rights complaint form
16  and a pauper application form, along with one copy of the instructions for each form and of
17  all papers that he submitted in this action.

18    The Clerk shall enter final judgment, dismissing this action without prejudice.

19    DATED:  February 18, 2014.

22                                         _____
23                                         ROBERT C. JONES
                                           United States District Judge

---

25  [1] #1-1, at electronic docketing page 119.  The Court expresses no opinion as to whether the claims
    would support such a claim for relief.  The critical points for the current action taken are that: (a) plaintiff
26  explicitly seeks release on the claims presented, rendering them noncognizable; and (b) the claims in any
    event would not be time-barred in a promptly-filed new action if such a request for release were abandoned.
27  If the above-cited page instead is not intended to be part of the federal complaint, that merely reinforces the
    need for plaintiff to use the required complaint form without attaching other documents and handwritten
28  pages so that it will be clear what he is claiming and requesting in the federal court action.